IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JILL WOODWARD, | |
| Plaintiff, | |
| vs. | 4:23-CV-3224 |
| AUTO-OWNERS INSURANCE COMPANY, a Michigan company, | MEMORANDUM AND ORDER |
| Defendant. | |

    This is a hail damage case. The plaintiff, Jill Woodward, alleges that the defendant, Auto-Owners Insurance Company, wrongfully delayed or denied certain benefits under her homeowners insurance policy. Filing 1 at 4. The defendant has moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) or, in the alternative, to bifurcate and stay the plaintiff's bad faith claims. Filing 5. The motion will be denied.

## I. STANDARD OF REVIEW

    To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. While the Court must accept as true all facts pleaded by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party, *Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012), a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. *Iqbal*,

556 U.S. at 678. Determining whether a complaint states a plausible claim for relief will require the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## II. BACKGROUND

The plaintiff owns property in Elkhorn, Nebraska, insured by the defendant. Filing 1 at 2. In May 2019, a hailstorm caused damage to the roof and exterior of her property. *Id.* The plaintiff alleges the insurance policy was in full force and effect during the storm. *Id.* The plaintiff reported the hailstorm. An inspector sent by the defendant estimated that the plaintiff's property incurred $59,845.52 in damages. However, after "application of the policy's deductible and over-depreciation deductions from the estimate amount," the defendant remitted only $26,036.86 to repair her covered loss. Filing 1 at 3.

The plaintiff alleges that she submitted a request for payment on a replacement value basis, to which she attached evidence of bids from contractors with the costs to replace her windows, doors, and sidings. *See* filing 1 at 3. The defendant did not respond to her request, and instead sent "instructions of how to make a claim for replacement cost benefits while not acknowledging the submission of documents that depicted the actual replacement costs." Filing 1 at 3-4.

The plaintiff then sought assistance from a public adjuster. The adjuster submitted to the defendant a proof of loss in the amount of $181,579.48. Filing 1 at 4. In response, the defendant told the plaintiff that no further payment would be made. *Id.* The plaintiff sued the defendant for breach of contract, and for breach of the covenant of good faith and fair dealing. Filing 1 at 6-7.

The plaintiff seeks at least $181,579.48 to replace her damaged property. Filing 1 at 6. And the plaintiff specifically alleges that the defendant acted in

2

bad faith by ignoring the plaintiff's requests for reinspection, ignoring the bids and estimates of replacing the damaged property, and hindering the timely resolution of the plaintiff's claim. *See* filing 1 at 7-8.

### III. DISCUSSION

*Motion to Dismiss*

The defendant argues that the plaintiff has failed to state a claim under Fed. R. Civ. P. 12(b)(6). Specifically, the defendant argues that the plaintiff failed to allege that she completed a condition precedent under the insurance contract. *See* filing 6 at 3; filing 10 at 3. The defendant argues that to obtain benefits under the insurance policy, the plaintiff had to repair or replace the damaged property and then be reimbursed, and she did not allege such an action. *See* filing 6 at 3.

"In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed." Fed. R. Civ. P. 9(c). The plaintiff alleged that she "has met and complied with all conditions precedent and duties under the subject insurance Policy, and/or all such conditions and duties have been waived by" the defendant. Filing 1 at 6. The plaintiff's complaint has satisfied Rule 9.

The plaintiff alleged that she submitted bid estimates from contractors to the defendant. Filing 1 at 3. The defendant argues this allegation can only plausibly be read "as an admission that she never actually repaired or replaced the roof or other damaged property." Filing 10 at 4. While the burden will be on the plaintiff to prove that she performed her obligations under the insurance policy before she may recover any damages, at this early stage of the litigation, the Court draws all inferences of fact in favor of the plaintiff.

The plaintiff has met the pleading requirements in Rule 9. The motion to dismiss will be denied.

*Motion to Bifurcate and Stay*

The defendant has moved to bifurcate and stay discovery of the plaintiff's bad faith claim. Filing 6 at 4. "For convenience, to avoid prejudice, or to expedite and economize," the Court may order a separate trial of one or more separate issues or claims. Fed. R. Civ. P. 42(b). District courts possess broad discretion to bifurcate issues under Rule 42(b). *O'Dell v. Hercules, Inc.*, 904 F.2d 1194, 1201-02 (8th Cir. 1990).

The party seeking to bifurcate carries a heavy burden. *See Fair Isaac Corp. v. Fed. Ins. Co.*, 650 F. Supp. 3d 731, 735 (D. Minn. 2023); 9A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2388 (3d ed. 2023). According to the defendant, bifurcation is appropriate in this case because the plaintiff "would be unlikely to prevail on her tort claim for bad faith if she does not prevail on her breach-of-contract claim, so a need for a trial on the bad faith claim would be obviated by a verdict for the [d]efendant on the contract claim." Filing 6 at 4 (citing *Panchal Enters. v. State Farm Fire and Cas. Co.*, No. 8:20-cv-295, 2021 WL 2195504 (D. Neb. Mar. 10, 2021), *objections overruled,* 2021 WL 1909897 (D. Neb. May 12, 2021)). The defendant also argues discovery will be expedited by staying the bad faith claim because that would purportedly limit disputes "over protective orders, privilege logs[,] and other inevitable discovery battles." *Id.* (quoting *Kermeen v. State Farm Ins. Co.*, No. 8:14-cv-416, 2015 WL 4727646 at *4 (D. Neb. Aug. 10, 2015)).[1]

The plaintiff argues that the defendant "merely rehashes the holding of *Panchal* and does not make an independent and persuasive argument based on the facts of *this* case." Filing 7 at 7-8 (emphasis in original). The plaintiff

---

[1] The defendant also argues that bifurcation "at this early stage of the case after removal from state court will expedite and economize the case. . . ." Filing 6 at 4. The Court notes that this case was not removed. *See* filing 1.

4

points out that in *Panchal*, discovery was stayed as to the bad faith claim only after "extensive discovery had been completed." Filing 7 at 8. The Court agrees with the plaintiff.

The defendant cites to several cases in this district where similar issues have been bifurcated. *See* filing 6 at 8-9. The Court has reviewed the dockets for each case cited by the defendant. Discovery was stayed as to the bad faith claim only *after* discovery actually began. *See generally Ameritas Life Ins. Corp. v. Fed. Ins. Co.,* No. 4:16-cv-3006, 2017 WL 432693 (D. Neb. Jan. 31, 2017); *Know How, LLC v. Federated Mut. Ins. Co.*, 8:21-cv-130, 2021 WL 5086299 (D. Neb. Nov. 2, 2021); *Stoltenberg v. Unum Life Ins. Co. of Am.*, No. 8:04-cv-288, 2005 WL 8176079 (D. Neb. Dec. 12, 2005); *Brooks v. Lincoln Nat. Life Ins. Co.*, No. 8:05-cv-118, 2005 WL 8181703; *Panchal Enters.*, 2021 WL 2195504; *Kermeen,* 2015 WL 4727646. There are also plenty of examples in this district where bifurcation of similar issues hasn't been sought or granted. *E.g., Hinrichs v. Liberty Mut. Ins. Co.*, No. 4:22-cv-3243; *J.L.'s Plaza 93, LLC v. Capitol Specialty Ins. Corp.*, No. 8:19-cv-184; *Jamison et al v. Depositors Ins. Co.,* No. 4:14-cv-3009; *Thornton v. State Farm Ins. Cos.*, No. 8:13-cv-117, 2013 WL 6904995, at *1 (D. Neb. Nov. 13, 2013), *objections overruled,* 2013 WL 6905275 (D. Neb. Dec. 31, 2013); *Metro Renovation v. Allied Grp.*, No. 4:05-cv-3083, 2005 WL 8176040, at *3 (D. Neb. Oct. 6, 2005).

The defendant's arguments, at this early stage of the litigation, are speculative at best. Bifurcation is the exception, not the rule, and must be decided on a case-by-case basis. *See Fair Isaac Corp.*, 650 F. Supp. 3d at 735. It is simply too early in the lawsuit to make a determination about convenience, judicial economy, or prejudice. *See* Fed. R. Civ. P. 42(b). The defendant's motion to bifurcate and stay discovery on the plaintiff's bad faith claim will be denied without prejudice.

Accordingly,

IT IS ORDERED:

1. The defendant's motion to dismiss (filing 5) is denied.

2. The defendant's motion to bifurcate and stay discovery is denied without prejudice.

3. This matter is referred to the Magistrate Judge for case progression.

Dated this 2nd day of May, 2024.

BY THE COURT:

_____
John M. Gerrard
Senior United States District Judge

6